## JEFFRIES v. ALLEN.

1. To secure a debt to B, A executed a mortgage of land with his wife's dower renounced thereon. A then died, leaving his estate to his executors in trust, with power to mortgage. The executors made a mortgage of this same land to C, A's widow renouncing her dower thereon, and with the money thus realized B's mortgage was satisfied. *Held*, that the widow of A was entitled to both dower and homestead in this land in priority to C's mortgage.
2. The inchoate right of a wife to dower in her living husband's land is released by renunciation as prescribed by statute ; but after her husband's death, the right becomes complete, and may be divested only by deed.
3. C was not subrogated to B's rights under the prior mortgage, which was fully paid, and thereby extinguished.
4. A widow cannot be deprived of her right to homestead in her husband's lands by any act of his executors, nor by her receipt of rents and profits prior to the filing of a bill to marshal assets.
5. The widow is not precluded from interposing the defence of usury by failing to tender the amount due ; but she cannot interpose it in this case, because, having elected to take dower and homestead, she does not occupy any such position towards the debtor as would entitle her to rely on this defence.
6. It having been admitted that the widow was entitled to dower and homestead in the surplus after payment of the C mortgage, it is too late to make the point that she is not entitled to homestead, because she owned other lands in her own right.
7. Petition for rehearing refused.

Before PRESSLEY, J., Spartanburg, September, 1887.

In addition to the matters stated in the opinion, it may be proper to state that testator devised and bequeathed all of his

estate to his executors in trust to pay debts, with power to mort-
gage, and to apply proceeds to support of his wife, and to a
division amongst his children, and to sell and divide at his wife's
death.

*Messrs. J. S. R. Thomson* and *W. S. Thomason*, for Mrs.
Harriet Allen.

*Mr. C. P. Sanders*, for R. C. Oliver.

October 30, 1888.  The opinion of the court was delivered by
Mr. Chief Justice Simpson.  Woodward Allen, late of
Spartanburg County, departed this life in 1880, leaving a last
will and testament, in which the plaintiffs, respondents, were
appointed executors.  The defendants, his widow and children,
were the only legatees and heirs at law.  The testator at his
death was considerably indebted.  Among others he was indebted
to R. E. Cleveland by note given in 1870, with his wife as
surety, for $3,000, interest at $12\frac{1}{2}$ per cent., to be paid annually,
or to become principal and bear interest at the same rate, to
secure which a mortgage of his real estate was executed, upon
which the defendant, Harriet Allen, renounced her dower.  He
was also indebted by note to A. A. Foster and to J. A. Lee, and,
perhaps, to others.  In the first clause of the will the executors
were authorized and directed to pay all just debts, and for this
purpose said executors were empowered "to do anything which
they might think best for the estate, as fully to all intents and pur-
poses as the testator himself could do if living; that is to say,
they may sell or mortgage any part of the estate and to use the
remainder in order to raise money to pay debts, as aforesaid, pro-
vided that they should not sell any more than might be necessary
for that purpose."

Some time after testator's death, to wit, April 29, 1880, the
executors borrowed of defendant, R. C. Oliver, $3,500, to secure
which they gave a mortgage on the lands of the testator, includ-
ing therein some 325 acres of lands of defendant, Harriet Allen.
Mrs. Allen renounced her dower on this mortgage.  The debt
bore interest at 7 per cent.  The Cleveland debt and mortgage

seems to have been paid off and satisfied with the money thus borrowed from Oliver. The arrangement with Oliver continued for about a year, when the executors agreed, by parol, to pay Oliver 10 per cent. on the amount lent to them as above. Things remained in this condition until February, 1884, sundry payments being made in the meantime by said executors to Oliver; when the executors desiring to borrow more money from Oliver, they agreed to take up the note and mortgage of 1880 and to execute a new note and mortgage for the amount due on the old, amounting to $3,213.60, and also for $510.95, then borrowed, in all, $3,725; which agreement was carried out by the execution of the necessary note, payable 1st January, 1885, with interest at 10 per cent., and mortgage on the real estate of the deceased, upon which the defendant, Harriet Allen, widow of deceased, renounced her dower. It is stated that the interest on this last note was to be paid in advance, but the executors, wishing to use all the money borrowed, gave their note for $37, as interest on the interest of said debt and mortgage for one year. After the execution of this note and mortgage A. A. Foster obtained a judgment against the executors for the sum of $455.75 on note of his against the testator, and J. A. Lee a judgment for $151.44, also on note of testator.

Under these circumstances the executors, finding that the scheme of the will could not be carried out, instituted the proceedings below, praying judgment that creditors be enjoined from levying and selling the real estate of deceased; that said estate be sold under the order of the court, the proceeds to be applied to the payment of the debts according to their liens, and the balance be paid to executors, to be administered in due course of administration, as the necessities of the estate and the rights of the parties in interest demanded. To this proceeding the defendant, Harriet Allen, the widow of deceased, and her children, were made parties, also Oliver, A. A. Foster, and J. A. Lee, and creditors were called in. The defendant, Harriet Allen, assailed the transaction with Oliver as usurious, and claimed dower and homestead in the lands of her deceased husband.

Upon the report of a referee with exceptions, the cause came on for hearing before his honor, Judge Pressley, at special term,

September, 1887.  His honor ruled that Mrs. Allen had the right to make the plea of usury without tender of the debt. Equity having regard to the substance rather than the form, the defendant, Oliver, would be subrogated to his rights under the Cleveland mortgage, and that he could not be subjected to the penalties of usury, unless the 'payment of interest to him by the executors amounted to a greater rate of interest than that called for in the Cleveland note and mortgage.  His honor thereupon signed the following decree :

"On hearing the testimony in this case, the report of the referee, the exceptions thereto, and argument of counsel, it is ordered, adjudged, and decreed, that the said report be confirmed in all respects and become the judgment of this court, except as hereinafter directed.  It is further ordered, that the 500 acres of land belonging to the estate of Woodward Allen, deceased, be sold by F. M. Trimmier, Esq., clerk of this court, on salesday in December next, or on some convenient salesday thereafter, for one-third cash, the balance on a credit of one year from day of sale, the purchasers giving their bonds with interest from day of sale, secured by mortgage of the premises sold, purchasers to pay for papers and for recording ; the said land to be sold in separate lots as may be made and recommended by W. W. Harris, surveyor, said survey and division to be made before sale, and the land advertised in such separate lots for sale.  It is further ordered, that the said clerk pay from the cash portion of said sale the costs of this action, and the sum of two hundred dollars to Carlisle & Hydrick, plaintiffs' attorneys, as a fee for their services herein, and that he hold the balance subject to the further order of this court.  It is further ordered, adjudged, and decreed, that the defendant, Oliver, is entitled to be paid next from the funds arising from said sale the sum of three thousand two hundred and fourteen 5-100 dollars, with interest from the 22nd February, 1884, interest payable thereon annually at the rate of ten per cent. per annum, interest to be paid at the same rate on the interest becoming due annually until the further report of the referee herein, and also the further sum of $510.95, with interest thereon at the same rate as above from first day of March, 1884. It is further ordered, that the defendant, Harriet Allen, is enti-

tled to dower in the balance of said fund after the payment of the said debt of defendant, Oliver. It is further ordered, that the defendant, Harriet Allen, is not entitled to homestead in the said land if she has received a legacy in way of rent and profit under the will of Woodward Allen, deceased. It is further ordered, that the case be recommitted to the referee, and that he report to this court the exact amount due on the note and mortgage of the defendant, Oliver; and that he take testimony and report whether the defendant, Harriet Allen, has been receiving under the will of Woodward Allen, deceased; and that he report also whether the tract of forty acres is included in the mortgage of defendant, Oliver, in accordance with the terms of this decree. It is further ordered, that he report what fee, if any, should be paid to the attorney of the defendant, Oliver, under the terms of his mortgage. The amount found for funeral expenses to be paid first, either out of the personalty or from proceeds of the sale herein ordered."

The "Case" proceeds: "To which said decree due notice of appeal was given, and the defendant, Harriet Allen, now appeals to the Supreme Court to reverse said judgment on the grounds, as it is respectfully submitted, that his honor erred:

"I. In not finding that this appellant is the head of a family, and in that capacity, and also as the widow of the debtor, Woodward Allen, is entitled to homestead exemption against the debt claimed against her husband's estate. II. In not finding that Mrs. Allen is entitled to dower in all the lands of which her husband was seized and possessed during coverture, and which are now sought to be sold for his debts. III. In decreeing that the defendant, Oliver, is entitled to be paid from the fund arising from said sale the sum of three thousand two hundred and fourteen and 5-100 dollars, with interest from 22 February, 1884, payable annually, at the rate of ten per cent. per annum, interest to be paid at the same rate on the interest becoming due annually until the further report of the referee herein, and also for the further sum of five hundred and ten 95-100 dollars, with interest thereon at the rate as above from the 11 March, 1884. IV. In not decreeing that the last note given to defendant Oliver was usurious, both as to the new loan then made, and also for the usurious

balances as calculated upon the old debt. V. In not decreeing that the payment made to R. C. Oliver upon the debt for usurious interest should be credited upon the principal of the debt. VI. In not least decreeing that the new loan being usurious, under no possible circumstances could it bear more interest than seven per cent. per annum. VII. In holding that defendant, Oliver, was relieved of any usury upon the first note given to him, because the money borrowed from him was used in paying off a debt bearing interest at 12½ per cent. per annum. VIII. Because, after holding that this appellant had the right, without any offer to pay defendant Oliver's debt, to set up this plea of usury, and have him sustain such plea, his honor should at least have ruled that the defendant, Oliver, could recover no interest whatever upon his last note.

"Upon this appeal the parties to this action, except the respondent, R. C. Oliver, gave notice that they no longer resisted claims of Mrs. Harriet Allen, as set forth in above appeal and in her answer. The defendant, Oliver, also gives notice that he does not resist any claim set up by Mrs. Allen to dower and homestead in the surplus after the payment of his mortgage, or in any land. The defendant, Oliver, also excepts to the decree and ruling of his honor, the presiding judge, and appeals therefrom to this court on the grounds, as it is respectfully submitted, his honor erred : I. In not ruling and holding that the claim or defence of usury could not be set up by the defendant, Harriet Allen, in this case. II. In not holding that the defendant, Oliver, should be subrogated to his rights under the Cleveland mortgage."

The questions involved in the appeal are : First. Is the widow of the testator entitled to dower in the lands in question ? Second. If so, can she also claim a homestead ? Third. Can she interpose the defence of usury to the Oliver debt ? And lastly, if so, is said debt usurious ? It will be seen from the decree above that the Circuit Judge denied the widow's claim to dower, except in the balance of the proceeds of the land after the payment of the debt of defendant, Oliver; that he decreed that the widow was not entitled to homestead. "If she had received a legacy by way of rent and profit under the will of her husband," which last

question he referred to the referee ; and he further decreed that Mrs. Allen had the right to make the plea of usury without a tender of the debt. But "that the defendant, Oliver, could be subrogated to his rights under the Cleveland mortgage, and that he could not be subjected to the penalties of usury, unless the payment of interest to him by the executors amounted to a greater rate of interest than that called for in the Cleveland note and mortgage." All of the parties in the action concede in the appeal the right of Mrs. Allen to dower and homestead as claimed by her, except defendant Oliver, who gave notice that he did not resist Mrs. Allen's claim to dower nor homestead in the surplus of the proceeds of the land after the payment of his mortgage debt. He also excepted to the decree on the grounds : I. Because his honor did not rule and hold that the claim of defence of usury could not be set up by the defendant, Harriet Allen, in this case. II. In not holding that the defendant, Oliver, should be subrogated to his rights under the Cleveland mortgage.

As to Mrs. Allen's right to dower, it is needless to refer to authority for the position that a widow is entitled to dower in all of the lands of which her husband was seized during coverture, &c. Her right during coverture is inchoate, but it becomes complete upon the death of her husband. This general principle of law is not denied here, as we understand it. But it is contended that Mrs. Allen, having renounced her right to dower on the mortgage executed by the executors after the death of her husband, this should defeat her claim, if not at law, yet at least in equity. As we have said above, upon the death of Woodward Allen his widow's right to dower became complete, and she was thereafter invested with a legal title thereto by operation of law, which title could only be divested or transferred to another by the usual mode, of deed of conveyance, executed in the form of other similar conveyances. It is not pretended that the renunciation of Mrs. Allen upon the mortgage of the executors was in form as suggested, and therefore it cannot be claimed that said renunciation is in the way of her legal right to dower. Nor do we think that this renunciation can be interposed as an equitable defence in this case. We see nothing in the facts of the case which should deprive Mrs. Allen from standing on her legal

rights.  A widow's right to dower is a favored claim in all the courts.

Nor can Oliver be subrogated to the rights of Cleveland, under the Cleveland mortgage.  That morgage was paid off, extinguished, cancelled, and cannot now be revived.  True, it may have been paid off by the money borrowed from Oliver, but there is nothing in the case which shows that it was the understanding of Oliver that his money was to go to this mortgage and that it should be assigned to him, or that it should be kept open for his benefit.  He lent, upon the security of a mortgage to be executed by the executors.  This security he obtained, after the Cleveland mortgage had been satisfied, and it would be stretching the doctrine of subrogation beyond all precedent to allow him now to abandon his chosen security and to fall back upon one which has been extinguished.

We think Mrs. Allen was entitled to dower, as claimed by her, and in advance of the debt of Oliver.  Also, that she was entitled to a homestead, prior to Oliver's debt.  See *Hosford* v. *Wynn*, 22 S. C., 311, where both dower and homestead were recognized.  See, also, *Moore* v. *Parker*, 13 S. C., 489, and *Bradley* v. *Rodelsperger*, 17 *Id.*, 11.  "A widow without any family of her own is herself the family of her deceased husband, and is entitled to a homestead exemption against his debts." "A childless widow is entitled to homestead as against her deceased husband's debts."

We know of no principle of law which can subordinate a widow's claim to a homestead in her husband's property as against his debts, to a debt contracted by the executors of the deceased husband after his death.  Nor do we know of any principle which would prevent the widow from claiming a homestead, because of the fact, that until an effort has been made to enforce the collection of the debt against the land, she has enjoyed the rents and profits of the land out of which the homestead is claimed.

Next, as to the question of usury.  It seems to be the law, as a general rule, that no one but the borrower, his sureties, heirs, devisees, or personal representatives, can set up the plea of usury. See *Tyler on Usury,* and the numerous cases which he cites in

his chapter on the defence of usury, page 403, *et seq.* And while we concur with the Circuit Judge that the failure of Mrs. Allen to tender the amount due to Oliver would not *in this case* prevent her from assailing this debt as usurious, if she could otherwise do so, yet we think she is precluded here from such assault, on the ground that she is neither the borrower, nor a surety, nor an heir, nor a devisee, nor a personal representative. That is, we mean to say, no right of her's arising out of either one of the relations mentioned can be affected by the Oliver debt. The estate of her husband is supposed to be insolvent, and she claims nothing from it, as heir at law or as a distributee or legatee. She simply claims dower and homestead, which, as we have ruled above, she is entitled to, prior to creditors, Oliver included. She, therefore, has no interest in the question of usury as to the Oliver debt, and hence should not be allowed to raise it. We do not, therefore, regard the fact of usury as before us, no appellant having raised it except Mrs. Allen.

It is the judgment of this court that the judgment of the Circuit Court be reversed, in so far as the defendant Mrs. Allen's right to dower was subordinated to the Oliver debt; also, in so far as her right to homestead was denied, or made dependent upon the fact whether or not she had enjoyed the rents and profits of the land—it being the judgment of this court that Mrs. Allen is entitled to dower in all of the lands of her husband mentioned in the pleadings, and also to homestead. We make no ruling on the question of usury, as applicable to the Oliver debt. Let the case be remanded.

R. C. Oliver filed a petition for rehearing, alleging that as Mrs. Allen owned a separate estate in her own right, she should not be allowed a homestead out of her husband's lands. On this petition, the following order was endorsed December 11, 1888:

PER CURIAM.—A careful examination of the record in this case shows that the point which petitioner alleges was overlooked by the court was not raised. On the contrary, the admission by the petition that Mrs. Allen was entitled to both homestead and dower in the surplus after paying his mortgage precluded him from raising such a point. It is, therefore, ordered that this

petition be dismissed, and that the *remittitur* be sent down without further delay.