*EX PARTE* WORLEY.

1. PARTITION.—A HOMESTEAD in the lands of a deceased debtor must be assigned to the widow and all children, and may be partitioned among them at once. *Yoe* v. *Hanvey*, 25 S. C., 94, overruled.
2. IBID.—HOMESTEAD exemption in personal property may be partitioned amongst widow and children of deceased.

Before GAGE, J., Horry, March, 1898. Affirmed.

Petition by Emaline Worley for homested in estate of her husband, Coleman Worley. From Circuit decree, the petitioner appeals.

*Messrs. Fred. D. Bryant* and *Thos. S. Moorman,* for appellant, cite: Rev. Stat., 2129, 2134; 2 S. C., 216; 30 Vt., 759; 47 P. St., 230.

*Mr. Robert B. Scarborough,* contra, cites: Rev. Stat., 2129; 49 S. C., 41; 19 S. C., 239.

Feb. 8, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The "Case" states the following facts: Coleman Worley died in 1895, leaving as his heirs at law, his widow, Emaline Worley, and his two sons, Jackson Worley and Rey Worley, the issue of a previous marriage, both of whom were of age at the time of the death of the intestate. Prior to and at the time of the death of intestate, the said Jackson Worley, an unmarried man, lived with his father, as a member of his family, and he still lives with petitioner, his step-mother, in the residence of the intestate; the other son, Rey Worley, lived then, and still lives apart, on

land of his own, being married, and is himself the head of a family.   On the 17th of January, 1896, Rey Worley was duly appointed administrator of the personal estate of the intestate, and, having duly qualified as such, obtained from the proper authority an order for the sale of the personal property, which was sold.   On the 12th of March, 1896, Emaline Worley filed a petition with the clerk of the Court of Common Pleas, praying that homested be assigned and set off to her in the real and personal property of the intestate.   Commissioners were duly appointed and made return, setting off to the petitioner, as her homested, the tract of land containing 900 acres, more or less, valued at $1,000, and as her personal property exemption the sum of $30.55, due by her to the administrator for articles purchased by her at his sale, together with the sum of $469.45 of the amount in the hands of the administrator, making the total amount $500. To this return Jackson Worley filed exceptions, which were heard by the Circuit Judge, who rendered a decree adjudging that the petitioner was not entitled to any homested exemption, and that her petition be dismissed.   From this decree the petitioner appealed to the Supreme Court, which reversed the Circuit decree and remanded the case to the Circuit Court for the purpose of carrying out the views announced in its opinion.   What was done thereafter appears in the decree of his Honor, Judge Gage, which is as follows : "Upon the call of this cause the petitioner's attorney submitted a 'proposed amendment' of the return made herein by homestead commissioners, on 18th June, 1896.   The proposed object of the proposed amendment was to conform the return to the views of the Supreme Court as expressed in this cause, and set out in the last or eighth paragraph of the opinion.   (See 49 S. C., 60.)   The petitioner's attorney desired an order, confirming the return of 18th June, 1896, so amended, and directing the administrator of Coleman Worley to pay into the hands of Emaline Worley, for a homestead exemption in personal property, $469.45 of money in the administrator's hands.   The 'proposed amendment' after

14—54

a preamble concludes with this 'declaration,' to wit: 'That it was their intention to do only what the law directed in the premises. That they did not suppose it was in their power, nor did they have the remotest thought, of limiting or restricting the benefit of the homested, but simply appraised the same and made return thereof, as they were directed, believing that the law provided this to the petitioner, as the widow and the head of the family of her deceased husband, for the enjoyment of herself and such of the family as remained with her.' The attorney for the other two heirs at law of Coleman Worley (sons) resisted the proposed amendment as irregular and without legal *status,* and resisted the payment of the $469.45 of the money in the administrator's hands to petitioner. The return of homestead commissioners, dated 18th June, 1896, was adjudged by the Supreme Court to be unlawful, if by it the homestead was set off to the widow alone. The return was not in *totidem verbis* before the Supreme Court. All that Court knew about its terms was gathered from an indefinite reference to its terms, made in Judge Aldrich's decree. In my judgment, that return does limit the homestead to the petitioner alone, and by inference excludes the two sons of Coleman Worley from its benefits. The writ issued by the clerk directed the commissioners to set the homested 'off to the said Emaline Worley, widow of the said Coleman Worley, such portion of the said land as you value at $1,000, and she may select; and, also, set apart to her, of the personalty of the said deceased, money or property, or both, to the amount and value of $500.' The return followed the writ, and undertook to set aside 'for the petitioner, as her homestead, all the tract of land, &c.,' and it further undertook to set aside 'to the petitioner, as her personal property exemption,' personal property of the value of $500, of which sum $469.45 was money in the administrator's hands. If the return in this respect be repugnant to the law, as stated in the opinion of the Supreme Court, it is essentially wrong. The commissioners had no power to amend it. They can only

follow a direction by the clerk, and the direction has the same infirmity as the return; and, were the amendment within the power of the commissioners, it does not mend the defect in the original.   This Court can order the writ to be so amended as to direct the homestead to be set aside to the widow and children of Coleman Worley, deceased; can set aside the return made 18th June, 1896, and direct a new return to be made, by the same or other commissioners, as the clerk may direct, in conformity with the *amended writ.* The next issue betwixt the parties, is the right of the petitioner to have $469.45 in money paid into her hands by the administrator, as part of a personal property exemption. This issue was made in the fourth exception to the return, when it came before Judge Aldrich. The Judge did not pass upon that question.   Nor has the Supreme Court passed upon it.   But that question is not properly before this Court.   When a new return is made in conformity with the opinion of the Supreme Court, exceptions may be taken to it, on the ground last stated.   It is ordered, therefore, that the return of the homestead commissioners, made 18th June, 1896, be set aside, that the writ of the clerk be so amended as to require the homested to be set off to the widow and children of Coleman Worley, deceased, and that a new return be made in conformity thereto."

The petitioner appealed, alleging that the Circuit Judge erred in certain particulars, the first of which is as follows: 1st. "It appearing to the Court that there were in existence but two of the children of Coleman Worley, one of whom resided apart from the family residence, on premises of his own, and was himself the head of a family, and the other residing in the family residence, and that this condition existed both at the time of the death of the intestate and ever since, in directing that 'the writ of the clerk be so amended as to require the homestead to be set off to the widow and children of Coleman Worley, deceased, and that a new return be made in conformity thereto,' without any direction or indication as to which of said children is

entitled to participate in the use of such homestead." The appellant contends that this Court, in its former opinion, decided that only Emaline Worley and Jackson Worley had the right to claim the homestead exemption. After stating elsewhere that the homestead was intended for the benefit of the "widow *and children,*" the opinion concludes as follows: "There is only one other matter remaining to be considered, as to which the Court feels some embarrassment, arising from the fact that the return of the homestead commissioners is not before us. The fifth exception to that return imputes error to the commissioners in assigning the homestead to Emaline Worley *alone;* whereas, if assigned at all, it should be for the benefit of the respondent, Jackson Worley, as part of the family of the said Coleman Worley, as well as for the benefit of the said Emaline Worley. Now what the return does contain, we do not know, as it is not before us; but from a remark made in the Circuit decree, which will presently be quoted, we suppose that the Circuit Judge considered that in the return the homestead was assigned to Emaline Worley exclusively. It does not appear that the Circuit Judge passed specifically upon this fifth exception; for, while he does quote what he designates as the *fifth* exception, the quotation shows, beyond dispute, that he was really considering the *sixth;* and he no where else alludes to the point raised by what is really the fifth exception, unless it be when he uses the following language: "To grant the de‑ mand of the petitioner is to give her the *exclusive* use of 900 acres of land and $500 in money during her life, *at the expense* of the children of her deceased husband by his first wife, and in utter disregard of their rights as heirs at law and distributees of the estate of their father" (italics ours). From this language, it may be reasonably inferred that the Circuit Judge regarded the return as assigning the homestead to the petitioner, Emaline Worley, for her exclusive use and benefit. If the return does, in fact, so provide, then in that respect it was erroneous, and should be corrected. Section 2129, Rev. Stat., expressly provides that where the

intestate dies leaving a widow and children, the widow *and children,* not the widow alone, shall be entitled to the homestead exemption. The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded to that Court, for the purpose of carrying out the views herein announced." The language just quoted, when considered in connection with the entire opinion, shows that the principal question discussed and decided, was whether the widow was entitled to homestead, and incidentally whether she *alone* was entitled to homestead. The language of the Court is comprehensive enough to include the right of both the sons to the enjoyment of the homestead. But even conceding that the decision does not go to the extent of deciding that Rey Worley was entitled to participate in the enjoyment of the homestead, let us see what his rights are. In the case of *Yoe* v. *Hanvey,* 25 S. C., 94, it is admitted that the homestead creates no new estate, and that neither the Constitution nor the statutes enacted in conformity to it undertake to divest any previous estates. The majority of the Court, however, in that case held that the adult children of the deceased did not have the right to partition the land which had been assigned to the widow as a homestead, and that the widow was entitled to enjoy it, like dower, during her lifetime. In the case of *Ex Parte Ray,* 20 S. C., at page 248, the Court says: "We do not understand the homestead laws as designed to alter or in any way affect the statute for the distribution of intestate's estates, and they do not even purport so to do." The right of homestead is simply a shield that protects certain property from attachment, levy and sale, and it has never been held by this Court, except in the case of Yoe *v.* Hanvey, that the homestead laws had any other effect. The conclusions of the Court in that case were not in accord with the admitted principles therein stated, nor with other cases in this State bearing upon the question. The correct view upon the subject was expressed in the dissenting opinion of Mr. Chief Justice McIver, in Yoe *v.* Hanvey. As that case was not based upon sound principles, and

is antagonistic to other cases in this State, it is hereby over-ruled; in fact, it was practically overruled by the former opinion in this case. These views show that there was no error on the part of the Circuit Judge in ordering that the writ be so amended as to require the homestead to be set off, not only to the widow, but to Jackson Worley and Rey Worley also.

The next particular alleging error is as follows: 2. "In refusing to entertain the petitioner's motion for an order directing the administrator to pay over to the petitioner, as the widow and head of the family of Coleman Worley, the chattel exemption in his hands, arising from the sale of the personal property of said Coleman Worley."

Even if the motion had been entertained, the appellant would not have been entitled to such an order. The said property was subject to partition among the widow and children just as any other property of the intestate. The views hereinbefore expressed in considering the first exception render unnecessary any further consideration of the question raised by this exception, which must be overruled, as the order was free from error. In order to prevent confusion in the distribution, it may be well to state that the petitioner must account for the $30.55, amount due for purchases made by her.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.