SAUNDERS v. STROBEL.

1. PARTITION.—HOMESTEAD set apart to a widow may during her life-
time, be partitioned among herself and the collateral heirs of her
husband.

2. MORTGAGE executed by widow to secure attorney's fee for defending
suit brought for possession of her husband's land properly adjudged
paid out of widow's distributive share.

Before KLUGH, J., Spartanburg, March, 1901.    Af-
firmed.

Action by Eliza Saunders *et al.* against Amanda Strobel
*et al.* From Circuit decree, defendant, Amanda Strobel,
appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: *As to the
homestead question:* 2 S. C., 227, 229, 311; 13 S. C., 490;
29 S. C., 508; Rev. Stat., 2129; 22 S. C., 312; 45 S. C., 56.

*Messrs. Nicholls & Jones* and *S. T. McCravy,* contra,
cite: *Law before Constitution of 1895 same as now:* 20 S.
C., 249.    *The homestead is subject of partition:* 20 S. C.,
248; 54 S. C., 213; Rev. Stat., 1948, 2129.

September 4, 1902.    The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES. In 1891, Jack Floyd died, leaving as his only heirs at law and distributees, his wife, Amanda Floyd, now Amanda Strobel, and the plaintiffs, who are children of the deceased brothers and sister of Jack Floyd, and seized and possessed of the real and personal property described in the complaint. Thereafter a homestead in said property was set off to said widow, and she, with her present husband, Strobel, now resides upon said real estate and is in the possession of said personal property. This action was begun in 1896 by the plaintiff, as heirs at law of Jack Floyd, for the partition of said real and personal property, and J. E. Bomar and S. J. Simpson were made defendants, because they held a mortgage executed by Amanda Floyd on said real estate. The widow resisted the right of plaintiffs to partition the property during her life because it had been assigned to her as a homestead. The Circuit Court confirmed the report of the master and decreed for partition.

The exceptions by appellant, Amanda Strobel, as stated by her counsel, raise but two questions; the first of which is, whether plaintiffs, as collateral heirs at law, have the right to partition while the widow is alive. We agree with the Circuit Court that plaintiffs have the right to partition. This question has been practically decided in the case of *Ex parte Worley,* 54 S. C., 208, 32 S. E. R., 307. In that case the right to partition in the lifetime of the widow was held to exist in an adult son who lived apart from the homestead, was married and the head of a family himself, on the ground that homestead is no new estate, but a mere exemption from the claims of creditors, and, therefore, does not interfere with the statute of distribution. This principle could not, in the absence of a statute for that purpose, be limited to direct descendants or heirs at law, but must logically be applied to all heirs at law, having an interest as such under the statute of distribution. We find no statute postponing partition of homestead until after the death of the widow. Sec. 2129, Revised Statutes, postpones the right of partition among

the widow and children or among the children until the youngest child is of age, unless the Court upon satisfactory proof deems it best for the interest of the minor children to make partition sooner; but this statute does not apply to plaintiffs, because they do not fall within the class named.

As to the remaining question, we see nothing in the record which would justify us in disturbing the conclusion of the Circuit Court, that the mortgage to Bomar and Simpson must be paid out of the interest of Amanda Strobel, who alone executed the mortgage.

The judgment of the Circuit Court is affirmed.