8343

BROUGHTON v. BROUGHTON.

HOMESTEAD—PARTITION.—A childless widow is entitled to a homestead against a judgment obtained against her husband in his lifetime on a debt contracted after the Constitution of 1895 in lands owned by him but not set aside as homestead in his lifetime, and when set aside as homestead to her is subject to partition between her and the other heirs of her husband.

Before COPES, J., Clarendon, February, 1912.    Affirmed.

Action by Fannie Broughton, as administratrix of C. E. Broughton, against J. Eugene Broughton *et al.*    Defendants, A. Levi and Charlton DuRant, appeal.

*Mr. P. D. Graham,* for appellants, cites: *On question of homestead:* 3 S. C. 413, 227; 17 S. C. 9; 2 S. C. 227; 13 S. C. 489; 14 S. C. 456; 22 S. C. 312; 25 S. C. 96; 20 S. C. 247; 45 S. C. 53; 56 S. C. 212; 58 S. C. 238; 68 S. C. 536; 24 S. C. 383; 46 S. C. 74; 24 S. C. 383; 18 S. C. 79; 21 S. C. 19; 51 S. C. 101; 46 S. C. 71; 25 S. C. 581; 57 S. C. 527; 49 S. C. 60; 29 Ohio St. R. 569; 80 N. C. 169; 66 N. C. 197; 69 N. C. 108; 80 N. C. 169; 90 N. C. 202; Lewis' Suth. Stat. Con. 698, 701; 36 Cyc. 1122; 2 Suth. on Stat. Con. 919, 920; 27 L. R. A. 90, 235; 11 L. R. A. 522; 70 L. R. A. 843; 33 L. R. A. 389.

*Messrs. Wolfe & Berry, Purdy & O'Bryant* and *Purdy* and *Bland,* contra.    *Mr. Wolfe* cites: *As to partition:* 64 S. C. 490.    *Homestead:* 3 S. C. 226; 13 S. C. 486; 17 S. C. 9; 25 S. C. 94; 2 S. C. 227; 3 S. C. 227; 13 S. C. 386; 64 S. C. 490; 20 S. C. 527.

October 15, 1912.    The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought in 1909 by Fannie Broughton in her own right as the childless widow of C. E. Broughton, and as administratrix of his estate, against his other heirs at law, for the assignment of a homestead to her, for the partition of the lands of the estate alleged to consist of a tract of land containing ninety-eight acres, and for the settlement of her accounts as administratrix. C. E. Broughton died in 1908, leaving unpaid a judgment in favor of J. W. Weeks for $634.54 entered 5 May, 1904. After this action for partition and assignment of homestead was commenced, Weeks had the sheriff to levy on and sell the ninety-eight acres of land, and Charlton DuRant became the purchaser at the price of $857. After this credit there remained a balance due on the judgment of $80.48. DuRant conveyed the land to A. Levi, and Weeks assigned the judgment to DuRant. Afterwards DuRant had the sheriff to advertise under the Weeks judgment the interest of C. E. Broughton in other lands, but the sale was enjoined and DuRant and A. Levi were made parties to this action.

After the sheriff's sale of the ninety-eight acres of land, David Levi, as assignee of a mortgage executed by C. E. Broughton to Marion Moise, commenced an action for foreclosure. By consent the suit for foreclosure was consolidated with this action. By amendments all other persons interested in the estate of C. E. Broughton or in lands in which he had an undivided interest, were made parties, and all the lands were brought under the complaint, so that the estate of C. E. Broughton might be settled and the legal and equitable rights of all parties adjusted. In this state of the case Judge Copes made a decree holding that the plaintiff, as the childless widow of C. E. Broughton, was entitled to homestead in the tract of ninety-eight acres, and that this homestead was subject to immediate partition between the widow and the other heirs at law of C. E. Broughton. The homestead right and the right to partition being subject to

the mortgage debt, the decree provided for the foreclosure of the mortgage and a sale of the land, and application of the proceeds to the mortgage debt and then to the homestead, and the remainder, if any, to A. Levi, who claimed under the execution sale. The decree further directed that the other lands should be sold and that a special referee should call in creditors by advertisement and take and report to the Court all testimony offered concerning their claims.

It thus appears that the Circuit Court adjudged only two points about which there was any controversy: (1) that the childless widow was entitled to homestead against a judg-- ment entered during her husband's lifetime in favor of one of his creditors, for a debt which was contracted after the adoption of the Constitution of 1895, although the homestead had not been laid off to the husband; and (2) that such homestead was subject to immediate partition between the widow and the other heirs of the husband. All the rights of Charlton DuRant, A. Levi, and other claimants, involving the validity and amount of their debts, the effect of the sale by the sheriff on the judgment debt, subrogation and other legal and equitable claims of creditors against the estate and against each other, were left open. Nothing, therefore, can be considered under this appeal of Charlton DuRant and A. Levi except the two points above indicated as adjudicated by the decree.

As to the first point, counsel for the appellants admit that a childless widow had a right to have the homestead assigned to her in the lands of her deceased husband under the Constitution of 1868. That question has been long settled. *Moore* v. *Parker,* 13 S. C. 486; *Bradley* v. *Rodelsperger,* 17 S. C. 9; *Yoe* v. *Hanvey,* 25 S. C. 94; *Jeffries* v. *Allen,* 29 S. C. 501, 7 S. E. 828. The reasoning of the Court in these cases was that the right of homestead was conferred on the head of the family as the representative of the family and for the benefit of its members and that when the husband had the right in his lifetime, and died leaving no family

except his wife the right continued in her as the surviving member of the family.   It will be observed that this conclusion was reached upon consideration of the language of the Constitution itself aside from the legislative enactments on the subject.   Although the point was not particularly discussed, but rather assumed, a homestead was allowed to a childless widow in *ex parte Ray,* 20 S. C. 446, under the constitutional amendment of 1880.   Counsel have presented an elaborate argument in the effort to show that there is an essential difference between the Constitutions of 1868 and 1895, and that the Constitution of 1895 gives no warrant for the assignment of a homestead to a childless widow without a family.   The distinction attempted becomes obviously technical and shadowy in view of the reasoning of the Court above set out, in the cases cited.   It is to the head of the family that the exemption is given in the amendment of 1880, and in the Constitution of 1895 as well as in the Constitution of 1868, and if the widow was entitled to the homestead under the Constitution of 1868, as the survivor of the husband's family, there can be no reason to refuse to regard her as the surviving member of the family, and as such, entitled to the homestead under the Constitution of 1895.

There is no ground for serious argument that the homestead assigned to the childless widow of C. E. Broughton is not subject to immediate partition among his heirs at law. *Saunders* v. *Strobel,* 64 S. C. 489, 42 S. E. 429.

Affirmed.