## 10102

### SPIGENER *ET AL.* v. CREWS *ET AL.*
### GREGORY-CONDER MULE CO. v. GREEN *ET AL.*

#### (97 S. E. 838.)

Before TOWNSEND, J., at chambers, Columbia, S. C., May 4, 1918.  Reversed.

Application by the Gregory-Conder Mule Company, in the partition case of Robert Spigener and others against Lucile Crews and others, to have certain funds in the hands of the master for Richland county resulting from the sale of lands applied to the payment of a judgment.  From an order requiring the master to pay the moneys over to ·petitioner, James M. Green and others appeal.

The following is the order appealed from:

Order for Disbursement of Funds.  This is an application by the Gregory-Conder Mule Company, a judgment creditor of the late Marion E. Green, for an order to require the master to pay to it certain funds in his hands, proceeds of . sale of an undivided interest in real estate which belonged, at the time of her death, to Mrs. Green.  It is opposed by her children, who claim such proceeds as her heirs at law. It appears from the record before me, that Mrs. Marion E. Green was, during her lifetime, the head of a family, residing in this State, consisting of herself and a granddaughter, who lived with her.  It does not appear that her children, who claim these proceeds of sale, were members of her family at the time of her death; they may have become emancipated or members of other families.  This interest in real estate was the only real property she owned at the time of her death, and was of less value than ·one thousand dollars.  No attempt was made to levy on this property during the lifetime of Mrs. Green, and no homestead was assigned or allotted to her.  Her children claim these funds are protected from the creditor's judgment under the homestead law.

Where homestead has not been assigned or allotted during the life of the judgment debtor, the only provision for its allowance is in the act of 1880, XVII Statutes 517, now embraced in section 3714, Code of Laws of South Carolina 1912, vol. I.

Where only children survive the debtor, the statute conditions their right to the homestead upon their living thereon, *Yoe v. Hanvey*, 25 S. C. 97, or the continuance of the family at the time when the attempt is made to enforce the judgment, and when the homestead is claimed. *Carolina National Bank v. Senn*, 25 S. C. 581; *Gray v. Putnam*, 51 S. C. 101.

Unless the children of the debtor are members of her family at the time they claim homestead against her debts, they cannot interpose her right of homestead where it has not theretofore been claimed by her as against her creditors.

It is, therefore, ordered that the master for Richland county be, and is hereby, ordered and required to pay to the Gregory-Conder Mule Company, or Messrs. Lyles & Lyles, its attorneys, the moneys in hand ($817.70), arising from the sale of the real estate belonging to the late Mrs. Marion E. Green, in the above entitled cause.

*Mr. Halcott P. Green,* for appellants, cites: *As to the right of appellants to have the funds in question assigned to them as heirs at law of the late Mrs. Marion E. Green, said funds being exempt under the homestead from the judgments rendered against Mrs. Green in her lifetime:* Const. 1895, art. III, sec. 28; Code, p. 612; Code 1912, sec. 348, subd. 4; 25 S. C. 389; 28 S. C. 233; 26 S. C. 227; 107 S. C. 364; 51 S. C. 97; 73 S. C. 324; 21 S. C. 375; 2 S. C. 309; 54 S. C. 579; 99 S. C. 411; 45 S. C. 61; 73 S. C. 234; 19 S. C. 243; 24 S. C. 428; 29 S. C. 178; 26 S. C. 1; 54 S. C. 208; Civil Code, sec. 3714; 28 S. C. 234; 57 S. C. 526.

*Messrs. Lyles & Lyles,* for respondents, submit: 1. *The Constitution of 1895, article III, section 28, only provided for a homestead "to the head of any family residing in this*

*State," and the language of that provision as to persons entitled to the exemption is exactly the same as the language used in the Constitution of 1868, article II, section 32. "A. person can claim homestead only against a debt of his own or of one whose family he is a member of. Children of a deceased debtor cannot claim, each for himself, as the head of a family, a separate homestead out of the lands of the deceased debtor against his debt; but collectively they are entitled to one homestead, whether they be infants or adults:"* 25 S. C. 572; 51 S. C. 101.

January 1, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This case involves the right of homestead. The facts. are stated in the order of his Honor, the Circuit Judge, who denied such right.

The only case sustaining his ruling is *Yoe v. Hanvey,* 25· S. C. 94, which was overruled in *Ex parte Worley,* 54 S. C. 208, 32 S. E. 307, 71 Am. St. Rep. 783. In the last mentioned case the Court announced that the correct view upon the subject was expressed by Mr. Chief Justice McIver in *Yoe v. Hanvey, supra.*

Reversed.