15443

*IN RE:* SNODDY'S ESTATE
SNODDY *ET AL.* v. BURNETT

(21 S. E. (2d), 198)

*Mr. Jesse W. Boyd* of Spartanburg, counsel for Appellant,

*Mr. J. C. Wrightson, Messrs. Perrin* and *Tinsley, Messrs. Whiteside* and *Taylor,* and *Mr. L. G. Southard,* all of Spartanburg, counsel for Respondents,

July 13, 1942.

The opinion filed by Circuit Judge G. B. Greene, Acting Associate Justice, is herebelow first reported. The other members of the Court concurred·in part with Judge Greene, and three members concurred in the concurring and dissenting opinion of Mr. Associate Justice Stukes, last below reported.

The opinion of Judge Greene follows:

J. R. Snoddy, a farmer of Spartanburg County, South Carolina, died July 5, 1935, leaving by will all of his estate, real and personal, to his three sons, S. M. Snoddy, Harry Snoddy and J. R. Snoddy, Jr. All three sons were appointed executors of said will and all duly qualified as such. On August 26, 1937, the executors filed a return in the Probate Court showing receipts of $2,653.20, and disbursements of $1,875.18. On August 6, 1938, Nannie M. Burnett, appellant herein, recovered judgment against the executors in the sum of $2,216.75, in an action for services rendered testator from July 1, 1929, to July 1, 1935.

On August 8, 1938, the executors filed their petition in the Probate Court alleging that testator's personal estate was not sufficient to pay his debts and asking that his real estate, consisting of a tract of land containing 135 acres, situated in Spartanburg County, be sold in aid of assets to pay debts. Nannie M. Burnett was made a party defendant in said petition and answered same alleging that the executors had misappropriated a large part of the estate and demanding an accounting therefor. The Probate Court ordered the sale of said real estate and sold the same on salesday in September, 1939, for $2,000.00.

After a full hearing on the accounting phase of the proceeding, the Probate Court made another order, dated February 2, 1939, requiring the executors to account as to a number of items in dispute and refusing to require them to account as to some others. From this order Nannie M. Burnett appealed to the Court of Common Pleas and her appeal was heard by Hon. G. Duncan Bellinger, presiding Judge, who, by a formal order dated May 9, 1940, overruled all exceptions and affirmed the order of the Probate Court. Notice of appeal from Judge Bellinger's order was duly served, but by agreement of all parties the settlement of the case for appeal was postponed pending litigation in respect to homestead exemptions in both the personal and real property of testator as claimed by his sons.

During the pendency of the accounting proceeding, Harry Snoddy died intestate and S. M. Snoddy was appointed administrator of his estate, and as such substituted for him in said proceeding. Thereafter, S. M. Snoddy and J. R. Snoddy, Jr., the only heirs-at-law of Harry Snoddy, deceased, and the only surviving children of testator, filed their petition in the Probate Court asking that there be set off to them a homestead exemption of $500.00 in testator's personal estate, and $1,000.00 in the proceeds of the sale of the 135-acre tract of land, as against testator's debts. Nannie M. Burnett was made a party defendant in that proceeding

and answered denying the right of petitioners to the homestead exemption claimed by them. After a full hearing was had the Probate Court, on March 20, 1941, passed an order setting aside to petitioners the homestead exemption asked for in their petition. From that order Nannie M. Burnett appealed to the Court of Common Pleas and her appeal was heard by Hon. Thos. S. Sease, presiding Judge, who, on July 29, 1941, signed an order dismissing the appeal and affirming the order of the Probate Court. Nannie M. Burnett then gave due notice of appeal to this Court from Judge Sease's order.

The case is now before us on appeal from both the order of Judge Bellinger and the order of Judge Sease hereinabove referred to. There are ten exceptions in all. The first six exceptions charge error to Judge Bellinger in approving and affirming the order of the Probate Court which refused to require respondents to account in a number of particulars. We deem it unnecessary to consider these exceptions separately. Whether respondents should have been required to account as to the several items in dispute depended upon the evidence adduced at the hearing. The order of the Probate Court was well prepared and stated fully and clearly the reasons upon which that Court based its findings and conclusions as to every item in dispute. The Circuit Court approved those findings and conclusions and after a careful study of the entire record we find that we would not be justified under the law and the evidence in reversing or modifying the order appealed from. All exceptions to the order of Judge Bellinger are overruled.

The last four exceptions imputed error to Judge Sease in allowing respondents a homestead exemption in both the personal and the real property of testator. These exceptions, according to appellant's brief, raise but two questions: 1. Was testator entitled to a homestead exemption at the time of his death? 2. If so, did that right terminate with his death

or was it transferred by operation of law to his children, the respondents herein?

It is not disputed that at the time of his death testator was a resident of this State, that he owed considerable debts, and that he owned property from which a homestead could be claimed. Testator then would have had the right to claim a homestead exemption provided that he was at the time of his death "the head of a family" within the meaning of that provision in the Constitution and homestead laws of this State. He died in 1935 at his home in Spartanburg County where he had resided since 1876 and where he had reared his three sons, the youngest of whom is more than thirty years of age. Testator's wife died in 1904, and he continued to reside in this same home with a housekeeper, and one of his sons, Harry Snoddy, who was a bachelor and who had lived with his father all his life. The other two children, S. M. Snoddy and J. R. Snoddy, Jr., were married and had homes of their own.

In *Myers v. Ham,* 20 S. C., 522, it was held that the father who has a child living with him is the head of a family, and in *Rollings v. Evins,* 23 S. C., 316, the Court held that this was so even though the child was an adult married son living in his father's home and separated from his wife. The Court defined family in that case in its ordinary sense, which includes persons living in one house and under one head or manager. In *Wagener v. Parrott,* 51 S. C., 489, 29 S. E., 240, 242, 64 Am. St. Rep., 695, it was held that where a widower and his adopted daughter and husband lived together in one household, of which he was the recognized head, he was entitled to homestead exemption. In that case the Court negatives the idea that there must be some dependency, and said: "His Honor, the Circuit Judge, seemed to be inclined, judging from the language employed by him in his charge to the jury, to require that there must be some dependence of the adopted child for its support and maintenance on the adopting parent in order for such

adopted child to be regarded as a member of a family when a homestead was to be allowed the head of such family. But such view is not sound. In order to maintain it, it would be necessary that there should be recognized a difference, in the eye of the law, between a child born to one and a child adopted by one."

Judge Sease in passing upon the question now under consideration said: "Aside from this theory of the homestead laws as applied by many Courts, it is the opinion of this Court that from the facts disclosed by the record on appeal J. R. Snoddy, Sr., was as a matter of fact and law the 'head of a family' at the time of his death in 1935." We agree with the views of Judge Sease and hold that testator, at the time of his death, had the right to claim homestead exemption as provided by the Constitution and laws of this State. As testator never exercised the right to have a homestead set off to him in his lifetime, did that right terminate at his death or was it transferred by operation of law to his children? Respondents assert that their father's right to claim homestead was transferred to them under the provisions of Section 9088, of the Code of Laws of this State, 1932. Said section provides as follows: "§ 9088. Homestead to Widow and Children.—If the husband be dead, the widow and children; if the father and mother be dead, the children living on the homestead, whether any or all such children be minors or not, shall be entitled to have the family homestead exempted in like manner as if the husband or parents were living; and the homestead so exempted shall be subject to partition among the children of the head of the family in like manner as if no debts existed: Provided, That no partition or sale in that case shall be made until the youngest child becomes of age, unless, upon proof satisfactory to the Court hearing the case, such sale is deemed best for the interest of such minor or minors."

In the case of *Carolina National Bank v. Senn*, 25 S. C., 572, testator was survived by his wife and children, but be-

fore homestead was claimed the widow died. Each of the children claimed a homestead in the property of their father. The Court said: "Under certain circumstances, 'the children' may claim exemption as against debts of the ancestor, but in such case they can only claim as a family. The words, 'each family,' clearly mean the family collectively as a unit; if the widow be living, 'the widow and children,' or, if she be dead, 'the children' as a class and not severally; and that, too, without the slightest regard to the fact whether such children are still minors in the family homestead or grown up, emancipated, and having families of their own. This is conclusively shown by the fourth section of the Act of 1873, which is the only provision of law under which the appellants as 'children' could claim homestead, the father and mother both being dead." Here the fourth section of Act of 1873 is set out and is identical with Section 9088 of our present Code.

In *Dorn v. Stidham*, 139 S. C., 66, 137 S. E., 331, 336, the Court said:

"If homestead be not set off to the head of the family during his lifetime, upon his death the right thereto is transferred, by the Constitution and statutes passed in pursuance of its authority, to the widow and children, or to the widow alone if there be no children, or to the children if there be no widow. See authorities above cited, and also *Yoe v. Hanvey*, 25 S. C. [94], 97; *Hendrix v. Seaborn*, 25 S. C. [481], 485, 60 Am. Rep. 520; *Broughton v. Broughton*, 93 S. C., 26, 75 S. E., 1027; *Ex Parte Worley*, 49 S. C., 41, 26 S. E., 949; *Id.*, 54 S. C., 208, 32 S. E., 307, 71 Am. St. Rep. 783; *Geiger v. Geiger*, 57 S. C., 521, 35 S. E., 1031.

*    *    *

"It is equally clear, we think, that upon the death of 'a head of a family,' who owes debts, and to whom no homestead has been assigned in his or her lifetime, the right to interpose the claim of homestead exemption as against the

debts of such deceased 'head of the family' is transferred by the homestead laws to the widow or children, or both."

Under the decisions of this State, it is clear that respondents have the right to the homestead exemptions allowed them by the order of the Probate Court, which was approved and affirmed by the order of Judge Sease as hereinabove stated.

Both the order of Judge Bellinger, dated·May 9, 1940, and the order of Judge Sease, dated July 29, 1941, should be affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur in part and dissent in part.

MR. ASSOCIATE JUSTICE STUKES (concurring and dissenting) :

I concur in the first of the decision by Mr. Acting Associate Justice Greene, but do not agree with his disposition of the exceptions relating to the allowance of personal and real property homestead exemptions to the sons of the testator against the judgment of the appellant recovered against them as executors.

The case is most unusual in that the contention is that this judgment creditor in the role of housekeeper was a member of the family of testator on account of which it is sought to establish the exemptions. Of course, she does not so contend; on the contrary she contests the propriety of the allowance of the exemptions. Other efforts by her to collect her judgment are disclosed by reference to the report of the case of *Burnett v. Snoddy et al.,* 199 S. C., 399, 19 S. E. (2d), 904.

The only other member of the alleged family of the testator, long a widower, was his adult son, Harry Snoddy, who, however, died intestate a bachelor in September, 1938, without having claimed homestead, and left surviving him as his sole heirs his two brothers, executors of their father's will and respondents in this proceeding.

It was only after the sale of a tract of land of the ancestor of 135 acres for $2,000.00, in aid of the personal assets, that respondents by an additional petition sought the allowance of homestead exemptions, which were allowed by the Circuit Court and from which this portion of this appeal was taken. The tract of 135 acres was land other·than the actual family homestead and passed under the residuary clause of the will to the three sons in equal shares. In addition to some city property, the testator had owned other larger tracts of farm land, fairly inferable from the record to be of much greater value, which he devised specifically by the terms of his will but after the execution of it, conveyed them, respectively, to his sons by deeds in fee conditional. See again *Burnett v. Snoddy et al., supra.*

It seems plain to me that the respondents who were adults living separate and apart from their father at the time of his death, with long-established homes of their own, are not entitled to homestead exemptions against the debts of their father. The statute is quite clear, Section 9088 of the Code of 1932 reads as follows: "If the husband be dead, the widow and children; if the father and mother be dead (as here—interpolated), *the children living on the homestead,* whether any or all such children be minors or not, shall be entitled to have the family homestead exempted in like manner as if the husband or parents were living; * * *." (Emphasis added.)

The discussion by this Court of the whole subject in *Dorn v. Stidham,* 139 S. C., 66, 137 S. E., 331, is very complete and enlightening, and I think the decision is controlling of this controversy. The contention there was clearly stated at page 75 of the South Carolina Report, at page 334 of 137 S. E., "that testatrix was up to the time of her death entitled to assert the right to homestead exemption in her property, and that at her death that right immediately vested unimpaired in her devisees, who succeeded to the title to said property under the terms of the will, free of all liens

and incumbrances, up to the value of the homestead exemption which testatrix had in said property up to the time of her death." But it was denied.

It was said at the bottom of page 84 and the top of page 85 of 139 S. C., at page 337 of 137 S. E.: "But if such distributees (here devisees) do not come within the favored class, 'the charmed circle,' they may not invoke the homestead exemption, for the reason that the homestead law gives to them no right to do so." In this case the respondents are not within the "charmed circle" created by Section 9088, supra, for they were not "children living on the homestead."

And it was further said at page 93 of 139 S. C., at ■ page 340 of 137 S. E.: "The right to claim homestead is a personal right, in the first instance given by the Constitution to the head of a family residing in this state. At his death, the right dies with him, unless he leaves a widow or children, in which case the right is continued by statute to them, and to no others. They and they only can assert it." (Emphasis added.) Attention is again called to the fact that the statute (Code, Section 9088) does not continue the right in this case to respondents. It cannot be successfully contended that they succeeded to any homestead right of their deceased brother in the property of their testator (if it be conceded that he had such) for there existed no family relation between them except that of blood.

The concluding words of the opinion, found on page ■ 94 of 139 S. C., on page 341 of 137 S. E., are, I think, forcibly applicable to the present problem, as follows: "Death terminates the right to homestead exemption in the head of the family, whether he die testate or intestate. That right having terminated, if there be no widow or child in whom the right is continued by the homestead laws, the statute making the property of such decedent liable for the payment of his debts becomes operative. There is no longer any staying hand of the Constitution; no longer any obstacle to a judgment becoming a lien thereon; no longer

any questions of homestead rights or exemptions—for gone are such."

The authorities cited in the opinion of Justice Greene and others submitted in respondents' brief have been carefully considered, but I do not think that the views herein advanced are in conflict with any of them. The facts of all of them are different and need not be reviewed.

Thus I think that the exceptions relating to the question of the homestead exemptions, both real and personal, should be sustained and the judgment appealed from should be reversed to that extent.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE concur.