8168

BOYLES v. WAGNER.

BOYLES v. SANDERS.

LIMITATION OF ESTATES—FEE CONDITIONAL.—A will providing that the portion of my estate which either of my sons or daughters shall receive "is to be for the sole separate use, benefit and behoof of them and the heirs of their body forever," and appointing trustees for the beneficiaries without imposing any duty on them, vests a fee conditional in the sons and daughters.

Before PRINCE, J., Barnwell, April term, 1911. Affirmed.

Two actions: (1) J. F. Boyles *et al* against F. W. Wagener *et al.*; (2) J. F. Boyles *et al.* against Mamie Sanders. Plaintiffs appeal.

*Messrs. R. C. Holman* and *B. M. Darlington*, for appellants, cite: *Construction must include whole instrument:* 26 S. C. 464; 30 Ency. 663; 2 Black. 307. *Trustees took legal title to protect property from sale for debts of beneficiaries:* 1 Hill 413, 78 S. C. 149. *Heirs of the body should be construed as purchasers:* 2 McC. 62. *Law will imply estate in trustee:* 1 McC. 7, 79; 41 S. C. 212; 61 S. C. 162. *Children of testator take an equitable estate:* 39 S. C. 144.

*Messrs. J. O. Patterson & Son,* contra, for Wagener, cite: *Children take a fee conditional:* 6 Rich. Eq. 467; 14 S. C. 610; 17 S. C. 550; 28 S. C. 240; 5 Rich. Eq. 441; 47 S. C. 288; 48 S. C. 440; 52 S. C. 244; 1 Rich. Eq. 404; 2 Strob. Eq. 190; 3 Rich. Eq. 384; 52 S. C. 554. *Trustees had nothing to do and statute executes the use:* 11 S. C. 75; 17 S. C. 550; 25 S. C. 512; 46 S. C. 552; 53 S. C. 6; 48 S. C. 440; 52 S. C. 556; 48 S. C. 441; 78 S. C. 134; 61 S. C. 151; 10 S. C. 376.

*Messrs. Bates & Simms,* contra, for Mamie Sanders, cite: *No duties being imposed on trustees, the statute exe-*

*cutes the use:* 52 S. C. 554; 11 S. C. 75.  *The beneficiaries take a fee conditional:* 52 S. C. 554; 11 S. C. 75; 1 Rich. Eq. 404.

March 30, 1912.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The will of Henry Boyles, probated October 25, 1872, contained these provisions: "It is my will and desire that the whole of my estate, both real and personal, be kept together until my youngest daughter, Florence Boyles, shall arrive at the age of 21 years, marries or dies.

"When my said daughter, Florence Boyles, shall arrive at the age of 21 years, marries or dies, whichever shall first happen, then and in that case, it is my will and desire that the whole of my estate, both real and personal, shall be divided equally among my children, who may be living at that time, share and share alike.

"It is my will and desire that the portions of my estate, both real and personal, which either one of my sons or daughters shall receive, shall not be liable for the payment of any debts or contracts which any one of them may at any time contract, or for the payment of any debts, contracts or engagements of any husband or husbands, which either one of my daughters may hereafter marry, but it is to be for the sole separate use, benefit and behoof of them and the heirs of their body forever, and I hereby appoint my friend, John W. Freeman, trustee for my son Henry, and my said son Henry and the said John W. Freeman trustees for the other children."

The sole question made by the appeal is: Did the children of Henry Boyles take a fee conditional, and convey to their grantees a good title by their deeds of conveyance executed after the birth of issue.  The estate taken under the will was a legal estate, since the trustees had no duties to per-

form, and the statute, therefore, executed the use.  That the legal estate devised was a fee conditional has been decided many times.  The devise falls within the precise words of the rule thus laid down in *Austin.* v. *Payne,* 8 Rich. Eq. 10 : "Where an estate of freehold is limited to a person, and the same instrument contains a limitation either mediate or immediate to his heirs, or the heirs of his body, the word heirs is a word of limitation, *i. e.,* the ancestor takes the whole estate comprised in this term.  Thus, if the limitation be to the heirs of his body, he takes a fee tail or a fee conditional."  *Whitworth* v. *Stuckey,* 1 Rich. Eq. 404; *Bethea* v. *Bethea,* 48 S. C. 440, 26 S. E. 716.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *participate in this opinion and concur.*