8370

DuBOSE, EXOR., v. FLEMMING.

LIMITATION OF ESTATES—FEE CONDITIONAL—HEIRS.—The word "heirs" in the will here, construed in the light of the circumstances, *held* to have been used in the sense of "children" or "heirs of the bdoy" and each devisee took a fee conditional with remainder to the other in the event of his death without issue.

Before SHIPP, J., Clarendon, April, 1912.    Affirmed.

Action by J. H. DuBose, as executor of H. G. Dennis, against William D. Flemming *et al.* Defendants, Thomas Willard Flemming and William D. Flemming, appeal. The following is the material parts of the will of H. G. Dennis:

2. "I want all my personal property and real estate to be equally divided between William Daniel Flemming and Thomas Willard Flemming.

3. "I also want William Daniel Flemming and Thomas Willard Flemming to have all my life insurance money or all the money collected on my policies and to equally divide the same so they will share and share alike.

"In other words, I want William Daniel Flemming and Thomas Willard Flemming to have everything in the shape of property or money that I possess at my death, and to equally divide the same so they will share and share alike and no one else shall have any claim to my estate as long as William Daniel Flemming and Thomas Willard Flemming or one of their lawful heirs live.

4. "I want it furthermore understood that if William Daniel Flemming should die before Thomas Williard Fleming I want Thomas Willard Flemming to have his share of my estate, and if Thomas Willard Flemming should die before William Daniel Flemming I want William Daniel Flemming to have his share of my estate.

5. "If William Daniel Flemming should have any lawful heirs I want them to have his share of my estate, and if Thomas Willard Flemming should have any lawful heirs I want them to have his share of my estate.

"If William Daniel Flemming and Thomas Willard Flemming both die without heirs, I want all my property to return to my estate."

*Mr. P. D. Graham,* for appellants, cites: *The fourth clause refers to the death of the devisee before that of testator:* 10 Rich. Eq. 392; 28 S. C. 530; 7 Rich Eq. 107; 77 S. C. 277; 26 S. C. 561. *Construction of "heirs:"* McM. Eq. 266; 1 Rich. Eq. 396; 6 Rich. Eq. 26; 14 Rich. Eq. 147; 5 Ves. 401; 7 Ves. 368, 128; 2 B. & B. 204; 2 Merv. 22; 8 Ves. 306; 2 Merv. 25; 15 Ves. 103; 3 Merv. 316;

1 Rich. Eq. 400; 6 Rich. Eq. 36; 14 Rich. Eq. 149. *Appellants are entitled to personal property:* 29 S. C. 19.

*Mr. Charlton DuRant,* for plaintiff, contra.

*Messrs. Kelley & Hinds,* for respondent-defendants, contra, cite: *The devisees take fees conditional:* 17 S. C. 551; 65 S. C. 354; Tiedeman, sec. 45; Washburn, sec. 82; 5 Rich. Eq. 443; 2 Bail. 249; Bail. Eq. 227. *Proceeds of property in hands of Court is impressed with same character as property sold:* 18 Cyc. 182, 189, 333, 841; 1 Speer Eq. 401; 11 S. C. 37; 15 S. C. 578; 26 S. C. 32. *Administrator has no control of proceeds of land:* 2 Strob. Eq. 23; Rice Ch. 19; Cheves Eq. 27; Speer Eq. 400; 15 S. C. 576; 14 S. C. 221; 7 Ency. 230; Code 1902, 2543, 2550.

November 20, 1912. The opinion of the Court was delivered by

Mr. Justice Hydrick. This action was brought to have the Court construe the will of H. G. Dennis.

The Circuit Court held that the devisees therein mentioned took fees conditional with cross remainders.

The record shows that testator left a sister and nephew and nieces, the children of a predeceased brother, besides the devisees, who are sons of a predeceased sister.

Construed in the light of these circumstances, the word "heirs" was properly held to have been used in the will in the sense of children, or heirs of the body, and that each of the devisees took a fee—conditional, with remainder to the other, in the event of his death without issue. *Swann* v. *Poag,* 4 S. C. 16; *McCown* v. *King,* 23 S. C., 232; *Hayne* v. *Irvine,* 25 S. C. 289.

The word "have" in the sentence, "if William Daniel Flemming should have any lawful heirs," etc., also shows that the word "heirs" was there used in the sense of chil-

dren, or heirs of the body; and the fact that the estate should go to the one, if the other should die "without heirs," and revert, if both should die "without heirs," leads to the same conclusion, because, under the law, each would be the heir of the other, when dead, to say nothing of the probability of each leaving heirs general, as they had a living aunt and a dozen first cousins.

As it took all the personal property to pay the testator's debts, it is not material what estate the appellants took therein.

Affirmed.

MESSRS. CHIEF JUSTICE GARY *and* JUSTICES WATTS *and* FRASER *concur in the result.*

MR. JUSTICE WOODS *absent.*