8454

### BARBOT, EXOR., v. THOMPSON.

POWERS—DEEDS—WILLS.—Where lands are granted in trust for life of another, with power in life tenant to dispose of by deed or will, and in default of either, over, a provision in the will of donee that his executor shall sell "all the rest of my estate, real and personal," but not giving title to the executor, this being the only land he died possessed of, no reference being made in the will to the power, nor to the fact that the property is that described in the trust deed, is an execution of the power.

Before RICE, J., Dorchester, November 20, 1912. Affirmed.

Action by Decimus C. Barbot, as executor Christina P. LeBleux, against Fannie B. Thompson. The Circuit decree is:

"The above stated matter is a controversy without action submitted to me at the October, 1912, term of Court of Common Pleas for Dorchester county.

"It appears from the recitals in the moving papers, that the plaintiff contracted to sell to the defendant, for the sum of $3,100, in cash, a certain tract or parcel of land in said county, containing 215 acres, more or less, more particularly described in the said moving papers.

"It further appears, that in 1866, one Henry Bulwinkle by deed conveyed the said tract along with several other

tracts, to one Louis F. LeBleux, subject to certain uses and trusts as follows:

" 'In trust, nevertheless, to and for the joint use, benefit and behoof of the said Louis F. and Christina LeBleux for and during the full end and term of their natural lives not subject to any future debts, contracts, liabilities and engagements of the said Louis F. Should the said Christina survive her husband, the said Louis F., in such case power and authority is given unto her, to grant and convey by deed, or devise by last will and testament the aforesaid estate to such persons and in such manner as she may appoint. Upon the death of the survivor without deed or last will and testament executed as herein before provided for, the estate to be held and enjoyed by Mrs. Anna L. LeBleux for and during the full end and term of her natural life, and after her death and the death of Louis and Christina, the remainder of the estate to be then equally divided between the children of John Chartrand and Phillip Chartrand living at the death of the survivor of them, their heirs and assigns forever.' "

"Christina P. LeBleux survived her husband and Mrs. Anna L. LeBleux, and thereafter departed this life, leaving of force her last will and testament, in which, after several bequests of personalty, she provides:

" '3d. It is my will that my executor herein named shall sell at public or private sale all the rest of my estate, real and personal, not herein specifically bequeathed or reserved, at such times and places in this State, and upon such terms as he may deem proper; and he shall have full power to make and execute titles for the real estate to the purchaser.'

"The testatrix then provides how the moneys derived from the sales by the executor shall be disposed of. A part of the corpus is to be paid to certain persons named, and a part thereof is to be invested by the executor and the interest paid by him to certain other persons, until certain contingencies occur, when the whole of the remainder of the

corpus of the said funds are to be paid over by the executor
to certain parties named by the testatrix.　D. C. Barbot, the
plaintiff, was named as executor, and duly qualified.　The
will was duly probated.

· "The said Decimus C. Barbot has duly tendered to the
defendant a title from himself as executor of the said will
conveying to her in fee simple the said tract of land for the
consideration of $3,100, but she refused, and still refuses
to accept the title so tendered her, or to pay the said pur-
chase money, claiming that the title is unmarketable for sev-
eral reasons, which, in brief, amount to this, viz. : That the
provisions of the will of the said Christina P. LeBleux do
not constitute an exercise of the power of disposition con-
ferred upon her as to the said realty, by the terms of the
said deed of Henry Bulwinkle hereinabove referred to.

"The above stated contention of the defendant is contro-
verted by the plaintiff, and the questions submitted to me
for my determination are :

1. "Was the direction to the executor of the said Christina
P. LeBleux to 'sell at public or private sale all the rest of
my estate, real and personal, not herein specifically
bequeathed,' such a disposition of the real estate by will as is
contemplated by the said trust deed?

2. "Is the will of Christina P. LeBleux an exercise of her
power of disposition under the terms of the trust deed?

"It is admitted that Christina P. LeBleux left no real
estate, except the aforesaid tract of 215 acres.

"The first case reported in this State in which the question
here presented arose, is *Bilderback* v. *Boyce,* 14 S. C. 528.
In that case the devise was of 'All the rest and residue of
my estate wherever and whatever,' but no specific refer-
ence was made to either the power or the trust property,
and as the testator had real property in his own right, it
was held that the power was not exercised.

"Now, it cannot be denied that Christina P. LeBleux made
no reference in her will to the power conferred on her by

the terms of the trust deed from Henry Bulwinkle; neither does she in said will make any specific devise of the said realty to her executor; neither is the property mentioned as that described in the said trust deed.

"In *Bilderback* v. *Boyce, supra,* the English rule is stated as follows: The Court will infer an intent to execute a power in only three cases. 'First. Where there was some reference in the will or other instrument to the power. Second. Or reference to the property which is the subject on which it is to be executed. Third. Or where the provision in the will would have no operation except as an execution of the power.'

"In the same case our Supreme Court said that if there was any distinct American doctrine on the subject it was well stated by Judge Story as follows:

" 'The authorities on this subject may not all be easily reconcilable with each other, but the principle furnished by them, however occasionally misapplied, is never departed from, that if the donee of the power intends to execute the power, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative. I agree that the intention to exercise the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it is doubtful under all the circumstances, then that doubt will prevent it from being deemed an execution of the power.'

"Mr. Justice McGowan, speaking for the whole Court, says of the above statement: 'We are content to take this as the result of all the American authorities which declares that the intention to execute be *apparent and clear, so that the transaction is not fairly susceptible of any other interpretation.'*

"The English rule above referred to was approved and followed by our Supreme Court in *Dick* v. *Harby,* 48 S. C. 516. Now, applying the third proposition embodied in the

English rule as stated above, to the will of Christina P. LeBleux, the provision that the executor should sell her real estate will have no operation whatsoever, except as an execution of the power conferred by the said trust deed, because Christina had no other real estate, except the 215-acre tract mentioned above. Applying the American doctrine adopted by the Court in *Bilderback* v. *Boyce, supra,* it seems to me that the intention to execute the power is both apparent and clear, and is not susceptible of any other interpretation. The provision in the 3d clause of the will referred to, directing the executor to sell the real estate of the testatrix, will be utterly meaningless, unless we imply in said clause the intention of the testatrix to execute the power conferred on her by the terms of the Bulwinkle deed.

"Again, no estate in the realty is conferred upon the executor in direct terms by the testatrix, but in a case such as we now have under consideration, I do not think it can be doubted, that where an executor is directed by the testatrix to sell, or make other disposition of her real estate the law will imply in the testatrix an intent to bestow on the executor whatever estate or interest in such realty is necessary to enable him to carry out the provisions of the will.

"In the case at bar, the executor is directed to sell the real estate and is given power to execute titles to same. These provisions by implication certainly vested the fee to the real estate in the executor, because without it he could not sell and make good title.

"I have not made any extensive research of the authorities in this case, because the solution of the problem involved seems so clear to me that I do not think it necessary to do so. I, therefore, answer both of the questions put to me by the parties to this controversy in the affirmative, and it is ordered:

"That the said Fannie B. Thompson do accept and take the title of the plaintiff conveying the said property to her

in fee simple, and that she do pay to said plaintiff the sum of $3,100, the purchase price of said property."

The defendant appeals on the following exceptions:

"Because his Honor erred in answering in the affirmative the following questions propounded in the agreed case submitted to him, to wit: '1. Was the direction to the executor of the said Christina P. LeBleux to "sell at public or private sale all the rest of my estate, real and personal, not herein specifically bequeathed," such a disposition of the real estate by will as is contemplated by the said trust deed?'

" '2. Is the will of Christina P. LeBleux an exercise of her power of disposition under the terms of the trust deed?' and in requiring the defendant-appellant to accept the title tendered to it; the error being that he should have answered the said questions in the negative and should have held that the said defendant-appellant was not bound to accept the title tendered her, in that:

1. "Mrs. LeBleux, under the trust deed in question, had only a power of disposition, which she alone could exercise and which she could not delegate to another, and hence, the direction to her executor to sell the rest of her estate, real and personal (even admitting that she had reference to the trust property, over which she had the power of disposition by will), was void and of no effect as to such property.

2. "There is a distinction between *'power'* and *'property'* and Mrs. LeBleux had an estate in the property in question only for life with the power of appointment, which power had to be exercised by her to be effectual, and, therefore, she had no such estate or property in the said land as would pass under her will, or be subject to the direction therein to her executor to sell the rest of her *estate,* real and personal.

3. "Even if it be admitted that the clause in question of the will, is a general devise, a general devise or bequest is not an execution of a power, except where from the whole will, the execution of the power appears to have been

intended—and no such intent can be gathered from the will in question.

4. "Even admitting that Mrs. LeBleux had reference to the property in question, and that such disposition is otherwise valid, the direction to her executor to sell is not *a devise* by her to her appointee, as required by the said trust deed.

5. "Under the trust deed, the *estate* is vested in the remaindermen, subject to be divested by the execution of the power, and Mrs. LeBleux had no interest in the property but for life with a power of appointment, and unless she exercised this power by will, the remaindermen would take and no estate in the property would pass under her will.

6. "At the time Mrs. LeBleux executed her will, she had, as a married woman, full authority to execute a last will and testament, and, therefore, the former rule that the will of a married woman, containing no reference to the power, will be referred to the power, does not apply.

7. "Of the three cases in which, under *Bilderback* v. *Boyce,* 14 S. C. 538, the Court will infer an intent to execute a power, only one could possibly govern in the case at bar, to wit: 'Where the provision in the will would have no operation, except as an execution of the power,' and this does not apply here, because:

(a) "The case does not show that at the time of the execution of the will, Mrs. LeBleux owned no real estate other than her alleged estate in the property in question, to which the devise might have referred.

(b) "At the time of the execution of the will in question, it was the law of this State that after acquired property could pass under a will previously executed, and the intent of the testatrix in inserting the clause in question in her will, might have been to avoid intestacy as to any property acquired by her subsequent to the execution of her will.

(c) "The expression 'all the rest of my estate, real and personal,' used in the will in question, is incapable of passing the property, over which the testatrix had only a power,

and these words mean nothing more than that the testatrix did not intend to die intestate as to any part of her *estate.*

8. "The expression 'all the rest of my estate, real and personal,' used in the will in question, is incapable of passing the property, over which the testatrix had only a power, and these words mean nothing more than that the testatrix did not intend to die intestate as to any part of her *estate.*

9. "The will in question does not satisfy the following rule laid down in *Bilderback* v. *Boyce,* to wit: 'The intention to execute (the power) must be *apparent and clear, so that the transaction is not fairly susceptible of any other interpretation'* (italics the Court's); because the intent is fairly susceptible of other interpretations, as shown by the other exceptions herein, and in particular, because:

(a) "The clause in question in the will may have had reference to other real estate owned by Mrs. LeBleux at the time of its execution.

(b) "She may have intended the clause in question in the will to refer to after acquired property so as to prevent intestacy.

(c) "The clause in question in the will did, as a matter of law, mean that she did not intend to die intestate as to any part of her estate, and covered every *estate* she then possessed or might thereafter acquire.

10. "For the reason set forth in the foregoing and other exceptions, the intent to execute the power is rendered doubtful, and if doubtful, that doubt will prevent it from being deemed an execution of the power.

11. "The words 'real and personal' were inserted in this will, 'just as they or similar words are in most wills, without any specific intention or meaning,' as was the case in *Gambrell* v. *Gambrell,* 82 S. C. 213, and so no intent to execute the power should have been inferred therefrom."

*Mr. Legare Walker,* for appellant, cites: *Is the will an exercise of the power of appointment:* 14 S. C. 528; 1 Story

426; 16 S. C. 557; 48 S. C. 516; 80 S. C. 460; 134 U. S. 572; 82 S. C. 213. *No intent to execute the power can be gathered from the will:* 22 Ency. 1115; 4 Sup. Ency. 461; 1 Jr. R. 17; 4 Penn. 368; 61 At. 193; 104 N. Y. Ap. Div. 290; 14 Cur. Law 1429; 123 S. W. 1162.

*Messrs. Logan & Grace,* contra, cite: *The will is an execution of the power:* 14 S. C. 528; 82 S. C. 213; 89 S. C. 198; 134 U. S. 512.

March 15, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. For the satisfactory reasons set out by his Honor, Judge Rice, in the Circuit decree, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.