14601

DUKES v. SHULER *ET AL.*

(194 S. E., 817)

*Messrs. J. L. Dukes, L. A. Hutson* and *W. C. Wolfe,* for appellants, cite:

*Mr. John S. Bowman,* for respondent, cites:

January 12, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This action was brought for the purpose of determining the title and right of possession to a tract of land containing 200 acres, located in Orangeburg County, which is now wholly or in part in the possession of the defendants John, Henry Ayers and Maude I. Ayers.

The determination of the issues presented by this appeal depends upon the proper construction of Item 5 of the will of Francis G. Carn, who died about the year 1884, which item is as follows: "I give unto my grandson, Peter Frederick Shuler, Two hundred acres of land joining Franklin

Louis Shuler, it being a part of the same survey, this I give unto my grandson, Peter Frederick Shuler, to be his during his natural life. After his death to his lawful heirs the issues of his body. If he dies without lawful living heirs the issues of his body the same to be divided between his surviving brother and sister during their natural lives, thence to their lawful, living heirs the issues of their bodies."

The facts are not in dispute. The question for adjudication is one of law only.

It is admitted that when the testator used the phrase "his surviving brother and sister," in the quoted item, he referred to the plaintiff in this action, Mary Francena R. Dukes, and to Franklin Louis Shuler.

Peter Frederick Shuler departed this life some time in the year 1936, unmarried, without having had living heirs or issue of his body. His sister, the plaintiff, survived him, is now living, and has had children born unto her who are now living. Franklin Louis Shuler predeceased his brother, Peter Frederick Shuler, leaving surviving him "lawful, living heirs the issues of their bodies."

The plaintiff claims that under a proper construction of the will she is entitled to the entire 200-acre tract; she having survived her brother, Peter Frederick Shuler.

The children of Franklin Louis Shuler, who are defendants herein, with their grantees, John Henry Ayers and Maude I. Ayers, claim an estate in fee conditional to one-half of the 200-acre tract, and concede that Mrs. Dukes, the plaintiff, owns the other half.

Therefore, the practical question presented for our consideration is whether the sister of Peter Frederick Shuler, namely, the plaintiff herein, takes the entire property in question under the will, or whether she takes only one-half thereof; the other half vesting in the children of the brother, Franklin Louis Shuler, who died before his brother, Peter Frederick Shuler.

The cause was referred to the Honorable B. H. Moss, as Special Referee, who, in a well-considered report, held that the plaintiff is entitled to the entire property in fee conditional. Exceptions were taken to this report, and the cause was heard on circuit by Honorable A. L. Gaston, Circuit Judge, who, by his decree, overruled the exceptions and confirmed the report. This appeal is from the decree of the lower Court.

In construing the will, we follow, of course, the well-established canon of construction, that the intention of the testator, as ascertained from the words used by him, must govern, unless this intention conflicts with some settled rule of law which forbids such supposed intention from being carried into effect.

It is desirable that we first define the estate devised to Peter Frederick Shuler, the first taker.

By the clause under construction, the testator devised the lands to his grandson, Peter Frederick Shuler, to be his during his natural life. If the will had stopped there, then under the settled rules of law a life estate was created in Peter Frederick Shuler. But the will further declares, "after his death to his lawful heirs the issues of his body," which language creates a fee conditional estate. The conventional words are used here, by which such an estate is created. The devise restricts the fee to the first devisee and the lawful heirs of his body, *DuBose v. Flemming,* 93 S. C., 182, 76 S. E., 277; *Boyles v. Wagner,* 91 S. C., 183, 74 S. E., 380; *DuPont v. DuBos,* 52 S. C., 244, 29 S. E., 665; so that upon birth of issue he would take a fee, with the right to alienate during his life, but not to dispose of by will. *Whiters v. Jenkins,* 21 S. C., 365, 368; *Burnett v. Burnett,* 17 S. C., 545, 551; *Izard v. Middleton,* Bailey Eq., 228.

Where a fee conditional estate is devised, the estate reverts to the donor, upon failure of the particular class of heirs designated. *Wright v. Herron,* 5 Rich.

Eq., 441, 448; *Withers v. Jenkins*, 14 S. C., 597, 611. There was no birth of issue to Peter Frederick Shuler. Hence, the condition for the vesting and perfection of such an estate in him was never performed, and his fee conditional estate failed and terminated. He having died without issue of the body, the property would have reverted to the estate of Francis G. Carn, but for the fact that the testator, in a subsequent clause, provided for this contingency by way of an executory devise.

An executory devise is a limitation by will of a future contingent interest in lands, contrary to the rules of limitation of contingent estates in conveyances at law. *Mangum v. Piester*, 16 S. C., 316, 325. It was intended to remedy difficulties surrounding conveyances at common law; particularly the difficulty arising from the rule at common law, which forbids an estate to be limited over to another, after a fee already granted, and the difficulty arising from the rule which would not permit a future freehold to be created, and the further difficulty arising from another rule that would not allow a fee to be mounted on a fee. All of these can be done by executory devises. *Allen v. Fogler*, 6 Rich., 54, 58; *Mangum v. Piester, supra.*

The clause in the will, "If he (Peter Frederick Shuler) dies without lawful living heirs the issue of his body, the same to be divided between his surviving brother and sister during their natural lives, thence to their lawful living heirs the issues of their body," created a fee conditional estate, by way of executory devise, in Franklin Louis Shuler, and in the plaintiff, Mary Francena R. Dukes, contingent upon their surviving the first taker, Peter Frederick Shuler.

But appellants contend that a will speaks at the death of the testator, and that Franklin Louis Shuler having predeceased Peter Frederick Shuler without in his lifetime having alienated his contingent executory devise, he, and his issue, therefore, took under the will, effective upon the

death of the testator, a fee-conditional estate in a half interest in the lands by way of executory devise. In other words, it is argued that a fee-conditional estate, by way of executory devise, in Franklin Louis Shuler, accrued and became effective upon the death of the testator; the enjoyment thereof being postponed until the estate devised to Peter Frederick Shuler terminated.

We have now reached the storm center of this controversy.

To what period does the survivorship mentioned in the will, refer? It is provided in the will that upon the death of Peter Frederick Shuler without lawful living heirs, the lands devised are to be "divided between the surviving brother and sister," etc.

Words or a word of survivorship in a will may refer to the survivor of the testator, or it may mean the survivor at the time of some event contemplated by the will. The determination is governed by the intention of the testator collected from the context of the will. Generally, words of survivorship will be referred to the event plainly intended to accomplish the purpose of the testator. It is always necessary to discriminate between a devise which vests immediately, the enjoyment of which only is postponed; and a devise which is contingent, because both the vesting in interest and the enjoyment are postponed. In both cases, all who answer the description of the class to whom the devise is made at the time the gift vests in enjoyment are entitled to take. But in the first case the period of survivorship is ascertained at the death of the testator; the class opening to let in all who are born subsequently and prior to the time of distribution. In the second case, the period of survivorship is ascertained at the time the gift is to be distributed, and all those who die before that time are completely cut out, since their interest is contingent on surviving until the period of distribution.

It is very plain to us that the word "surviving" in this will refers to the termination of the particular estate; namely, the death of Peter Frederick Shuler, without leaving issue. Survivorship here undoubtedly refers to the time of distribution or division. In our opinion, the conclusion is inescapable that the testator intended the word "surviving" to refer to the time of the termination of the prior estate held by Peter Frederick Shuler, and not to the time of the death of the testator.

It was held in the case of *Selman v. Robertson,* 46 S. C., 262, 24 S. E., 187, 191, that a limitation to "my surviving legatees," after the termination of a conditional fee, means the legatees who are surviving at the period of distribution, and not those who survive the testator.

That case is so similar to the case at bar that, as was held by the Special Referee and the Circuit Judge, it is completely decisive of the question under consideration.

The *Selman case,* the opinion in which was written by Chief Justice McIver, is a treatise on this principle of the law, and contains a comprehensive examination and review of many previous decisions involving the question as to what period of time survivorship must be referred. The discussion is so thorough and the logic so unanswerable that it is needless to lengthen this opinion by the quotation of any lengthy excerpt therefrom. He there says, quoting with approval from *Ballard v. Connors,* 10 Rich. Eq., 389, at page 392: "Where the enjoyment of the estate by those ultimately entitled is absolutely postponed to a future day by a supervening estate, it is natural and just to make the chances of survivorship applicable to such future day."

In attempting to distinguish the case at bar from the *Selman case,* the appellant argues that the *Selman case* deals with the question of executory devises alone, and that the case at bar deals not only with the question of executory devises (which is not questioned), but also with the question of fee conditional estate. The point is made that in the *Sel-*

*man case* the final takers of the estate were the testator's surviving legatees, who took in fee simple, whereas in this case the final takers as to one-half would be the issue of Franklin Louis Shuler, who are now living, and who, it is contended, take a fee conditional estate. We fail to see the force of the distinction.

It was held in *Burnett v. Burnett, supra:* "The fundamental difference between an estate in fee conditional, after the condition has been performed, and an estate in fee simple is, 1st. That in the former the course of descent is confined to a particular class of heirs, and upon failure of such heirs the estate reverts to the donor; 2d. That the holder of such an estate can only dispose of it by some act which takes effect during his life. In all other respects their qualities and incidents are the same."

And it was held in *Selman v. Robertson, supra,* that: "All the rules applying to estate in fee are equally applicable to the estate of fee conditional, as to its creation and limitation, and the time of its continuance under the limitation, with the exception of the order of its descent and the right of alienation to bar the donor. 2 Pres. Est., 320. * * * A fee conditional during its continuance is the entire fee-simple estate, *Adams v. Chaplin,* 1 Hill Eq., 265, 278, and is as fit a subject for executory devise as a fee absolute."

In applying this principle of the law, the same rules are applicable, whether the estate be in fee or whether it be a fee conditional estate.

The appellant earnestly argues that the grant or devise of a fee conditional estate in lands is both to the named grantee or devisee and his bodily issue; that is to say, not only does the named grantee or devisee take the fee conditional estate, but also his children, or all answering the description of his bodily issue.

And it is contended that the fee conditional estate granted or devised is not limited to the named grantee or devisee.

The argument is elaborated that the bodily issue of the devisee (Franklin Louis Shuler) took an interest or a right in the fee-conditional estate devised, which can only be divested by alination of the property by the named devisee in his lifetime; that if there is no alienation, the property descends to them *per formam doni.*

The insurmountable barrier confronting the bodily issue of Franklin Louis Shuler is that he did not survive the first taker, Peter Frederick Shuler. The vesting of a fee-conditional estate in him was dependent and contingent upon his surviving his brother.

It has been furthermore consistently held in this state that, in a grant or devise of an estate in fee conditional, heirs of the body are not named on account of any personal benefit intended for them, but simply for the purpose of qualifying and defining the nature and extent of the ancestor's estate, and to point out and prescribe the course of the descent, in case no disposition is made of it. The heirs merely take by succession from the ancestor, and if, as in this case, the condition was not performed (failure of survivorship), the heirs or issue can take nothing, because the ancestor took nothing. *Izard v. Middleton, supra; Burnett v. Burnett, supra; Gleaton et al. v. Gleaton et al.,* 154 S. C., 140, 151 S. E., 276.

The plaintiff, Mary Francena R. Dukes, being the only survivor at the time of the death of Peter Frederick Shuler, is entitled to the entire tract of land in controversy, holding a fee-conditional estate therein.

The plaintiff seeks recovery of rent for the year 1936 from the defendants John Henry Ayers and Maude I. Ayers. We concur in the finding of the Special Referee and the Circuit Judge that she is entitled to the rents found to be due by them, together with the statutory penalty assessed; and she is entitled, of course, to the possession of the 200 acres of land, which, it appears, is

composed now of two tracts; one of 175 acres and the other of 25 acres.

All exceptions are overruled.

· Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Baker concur.

Mr. Justice Carter did not participate on account of illness.