15373

BONDS *ET AL.* v. HUTCHISON *ET AL.*

(18 S. E. (2d), 661)

March, 1941.

*Mr. J. M. Nickles,* of Abbeville, for appellants,

*Mr. J. Moore Mars* and *Mr. Ralph J. Syfan,* both of Abbeville, for respondents,

February 11, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

The complaint in this case alleges a cause of action for the partition of a ninety (90) acre tract of real estate. The infant defendants filed answers by which they alleged themselves to be tenants in common with the plaintiffs. Only one other defendant, the respondent, Mary Lou Hutchison, filed an answer by which she set up a general denial and further alleges that she is the owner of the real estate involved herein in fee simple. All parties to this litigation claim their title from a common source which is the last will and testament of R. B. Hutchison, deceased. The respondent, Mary Lou Hutchison, is the grantee of a purchaser who purchased the real estate in question at a Master's sale of the premises in a foreclosure action pursuant to a decree of foreclosure of a mortgage given by Charley B. Hutchison, the devisee, to whom said ninety-acre tract of land was devised under and by virtue of the terms and provisions of the last will and testament of R. B. Hutchison, deceased.

The issues were submitted to Honorable E. C. Dennis, presiding Judge of the Court of Common Pleas for Abbeville County, upon an agreed statement of facts and specific queries to be answered by the presiding Judge. These questions were as follows:

"(a) Did the premises in question become the property of the children of Charley B. Hutchison upon his death?

"(b) Did the said Charley B. Hutchison have the right to mortgage said premises and thereby preclude his children of any interest therein after his death?

"(c) Who are now the owners of the premises in question and in what proportion?"

The matter was marked heard, and argued before Judge Dennis, at Greenwood, South Carolina, on April 21, 1941; and an order was thereafter filed by him as of the date the case was argued adjudging that the respondent, Mary Lou

Hutchison, was the owner in fee simple of said tract of real estate and that the appellants took no estate or interest therein.

In due time appellants served notice of intention to appeal to this Court and have taken the necessary procedure for presenting the issues involved for our consideration. Appellants have appealed upon four grounds, but we are satisfied that it is necessary to discuss only two questions in order to dispose of all issues. These questions are as follows:

(1) What estate did Charley B. Hutchison take in the tract of real estate involved in this litigation under and by virtue of the terms and provisions of the last will and testament of R. B. Hutchison, deceased?

(2) Is the respondent, Mary Lou Hutchison, the owner of this tract of real estate in fee simple?

Section 5 of the last will and testament of R. B. Hutchison, deceased, which is the common source upon which the parties to this action claim title to this tract of land, reads as follows: "Section 5. I will and bequeath to my son, Charley B. Hutchison, 90 acres of land more or less, and known as the Wells Place, also, one Bay Mule named Lindsay, to be his property during his natural life. If he dies without bodily heirs, the same to revert back to and become the property of my estate and to be disposed of as set forth in the last clause of Section 2 of this my last will and testament."

The last clause of Section 2 of said will provides: " * * * In case any of them die without children, then such share is to revert back to, and become a part of my estate and is to be equally divided between my surviving children upon the same terms and conditions expressed above."

It is a firmly established rule that in construing a will the intention of the testator must be ascertained from the provisions of the will as a whole and full force and effect be given such intention unless it conflicts with some well-settled precept of law prohibiting the accomplishment of the objective intended by the testator. With this

cardinal rule of construction ever present in our considera-
tion of this cause we will now proceed to analyze the provi-
sions of the will to determine the estate which Charley B.
Hutchison took under the terms thereof.

It is significant in determining the intention of the testa-
tor to carefully examine each provision of the will which will
in any wise reflect such intention. In Sections 3 and 4 of this
will, the testator does not make use of any technical expres-
sions in devising the 100-acre tract of land to his son, J. H.
Hutchison, and a 90-acre tract to his son, M. B. Hutchison.
In these two sections of the will, the testator used the word
"children" which is primarily and generally a word of pur-
chase designating specific remaindermen. This word of pur-
chase is used immediately after an express limitation of the
life estates created by these two provisions of the will and
indicates the intention of the testator to devise to the bene-
ficiaries of Sections three and four of his will only a life
estate.

By Section five, the testator used, in devising the
ninety (90) acre tract of land involved herein, the
technical expression "bodily heirs." He devised this
tract of land to "Charley B. Hutchison * * * to be his
during his natural life." Had he stopped with this limitation
of the estate to Charley B. Hutchison, the devisee would
have taken only a life estate, but the testator further pro-
vides: "If he dies without *bodily heirs,* the same to revert
back to and become the property of my estate and to be dis-
posed of as set forth in the last clause of Section 2 of this
my last will and testament." (Italics added.) Technical
words, even when employed in a will, are construed in their
technical sense as their primary sense, and such sense must
be changed, if at all, by determining the testator's controll-
ing intention to the contrary in the context of the will. Had
the testator not intended the words "bodily heirs" to be used
in their primary sense, he would not have changed the ex-
pression used by him from "children" in Sections 3 and 4

to the technical words "bodily heirs" in Section 5 of his will. The use of this technical expression creates a fee-conditional estate.

In the case of *Dukes v. Shuler,* 185 S. C., 303, 307, 194 S. E., 817, 819, in construing a very similar provision of a will, Mr. Justice Fishburne said: "By the clause under construction, the testator devised the lands to his grandson, Peter Frederick Shuler, to be his during his natural life. If the will had stopped there, then under the settled rules of law a life estate was created in Peter Frederick Shuler. But the will further declares, 'after his death to his lawful heirs the issues of his body,' which language creates a fee-conditional estate. The conventional words are used here, by which such an estate is created. The devise restricts the fee to the first devisee and the lawful heirs of his body, *Du Bose v. Flemming,* 93 S. C., 182, 76 S. E., 277; *Boyles v. Wagner,* 91 S. C., 183, 74 S. E., 380; *Du Pont v. Du Bos,* 52 S. C., 244, 29 S. E., 665; so that upon birth of issue he would take a fee, with the right to alienate during his life, but not to dispose of by will. *Withers v. Jenkins,* 21 S. C., 365, 368; *Burnett v. Burnett,* 17 S. C., 545, 551; *Izard v. Middleton,* Bailey Eq. 228."

By the language used by the testator in Section 5 of his will, he has directed nothing more than the law provides. He provides that "If he dies without bodily heirs, the same to revert back to and become the property of my estate * * *." If a fee-conditional estate is created and there is a failure of the particular class of heirs designated, the estate reverts to the person or the estate of the party creating the fee-conditional estate.

By the last clause of Section 2, the testator directs a disposition in the event "any of them die without *children.*" (Italics added.) But the use of the word "children" in this clause does not alter the former limitation, if its use is consistent with the testator's intention to creat a fee conditional estate in the devisee, Charley B. Hutchison. The word "chil-

dren" is generally and ordinarily a word of purchase but may be used as a word of limitation in construing the terms of a will in order to ascertain the intention of the testator.

In addition to *Dukes v. Shuler, supra,* see *Lucas v. Shumpert,* 192 S. C., 208, 6 S. E. (2d), 17, and the authorities therein cited.

The devisee, Charley B. Hutchison, took a fee-conditional estate under the terms of this will.

Upon birth of issue living, Charley B. Hutchison could convey a fee-simple title to the property devised to him by Section 5 of the will. He, having by mortgage conveyed the fee-simple title to this property, although such conveyance was subject to defeasance, upon the mortgage being foreclosed, the purchaser at the Master's Sale took a fee-simple title thereto. It necessarily follows that Mary Lou Hutchison is the owner of the tract of land involved herein in fee simple.

All exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.